UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW SARICH, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 4:23-cv-00943-SEP |
| | ) |
| THE CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss filed by Defendants City of St. Louis and Samuel Gilman seeking dismissal of Counts IV and V of Plaintiff's Complaint. Doc. [15]. Plaintiff opposes the motion. Doc. [17]. The motion is fully briefed and ready for disposition. *See* Docs. [15]-[18]. For the reasons set forth below, the motion is granted.

### BACKGROUND[1]

Plaintiff was arrested on August 2, 2018, after an altercation with a friend in the City of St. Louis. Doc. [2] ¶¶ 9,11. Officer Lori Wozniak of the St. Louis Metropolitan Police Department arrived on the scene after Plaintiff was arrested. *Id*. ¶¶ 4, 12. Plaintiff and his friend were placed in the back of Wozniak's police vehicle for transport to South Patrol Division. *Id*. ¶ 13. Wozniak complained to her superior officer, Sergeant Samuel Gilman, about lewd comments Plaintiff and his friend made about her. *Id*. ¶ 17. Wozniak commented that "she was going to stop hard at every stop sign along the way to the station," commonly referred to as a "rough ride." *Id*. ¶¶ 17, 18. Gilman responded that "he did not want to hear that type of talk and to take the [Plaintiff] to the South Patrol Division." *Id*. ¶¶ 19, 101. Wozniak then stated, "I would like to take them up to 270 and Riverview and let them walk home." *Id*. ¶¶ 20, 102. Gillman specifically told Wozniak not to do that. *Id*. ¶¶ 21, 103. Sgt. Gilman did not assign another officer to transport Plaintiff. *Id*. ¶ 30.

Two officers followed Wozniak in a separate vehicle and noted that she traveled a confusing route, as there were more direct routes back to the South Patrol Station. *Id*. ¶ 23. During the transport, Wozniak accelerated after a stop sign and then came to a complete and

---

[1] For purposes of this motion, the Court takes the ***factual*** allegations in the Complaint, Doc. [2], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)

1

sudden stop in the middle of the street, nearly causing an accident with the officers behind her. *Id.* ¶ 24.  Plaintiff's head was thrown against the interior of the police cruiser during Wozniak's sudden stop.  *Id.* ¶ 25.  Plaintiff suffered a laceration above his right eye and a fractured clavicle because of the impact.  *Id.* ¶ 26.  Wozniak was found guilty of Assault 4th Degree by a jury in the Circuit Court of the City of St. Louis as a result of the incident.  *Id.* ¶ 28.

Plaintiff filed suit in this Court pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Doc. [2].  The Complaint asserts five claims:  Counts I through III against Wozniak, Count IV against the City, and Count V against Gilman.  *Id.*  The City and Gilman move for dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Doc. [15].  Gilman also claims to be shielded from liability by qualified immunity.  *Id.*

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief may be granted.  When considering a Rule 12(b)(6) motion, a court assumes a plaintiff's well-pled factual allegations to be true and makes all reasonable inferences in the plaintiff's favor.  *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).  But a court does not accept as true legal conclusions or "threadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555); *see also Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory,

the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific" task requiring the court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 682. In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct. *Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 567. The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

### DISCUSSION

### I. **Count IV – Municipal liability claim against Defendant City**

In Count IV of the Complaint, Plaintiff brings a municipal liability claim against the City based on Wozniak's alleged violation of Plaintiff's constitutionally protected rights.[2] Doc. [2] at 11-13. "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable only for a constitutional violation that "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Plaintiff's *Monell* claim is based on allegations of unofficial customs within SLMPD and a failure to train. To establish a *Monell* custom claim, a plaintiff must show:

a) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

b) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

c) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

---

[2] Because Defendants do not contest that Wozniak used excessive force, for purposes of this motion, the Court assumes there was an underlying constitutional violation. *See* Docs. [15], [16], [18].

3

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (cleaned up). "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up).

To support his *Monell* custom claim, Plaintiff offers only one prior instance of alleged misconduct and then relies on threadbare recitals of the elements of his claim supported by conclusory statements. *See* Doc. [2] ¶¶ 31-33, 85-91. Noticeably absent is any factual support for his asserted legal conclusions. He does not cite another incident of a "rough ride"—the alleged type of unconstitutional conduct at issue—to support his alleged pattern of unconstitutional conduct. As this Court has previously explained:

> [P]laintiffs who want to proceed under *Monell* need not use precise legal terms like "unconstitutional custom" in their pleadings; they need only plead facts from which such a custom can be inferred. Here, Plaintiff has done the opposite: He has used the appropriate legal terms for a *Monell* custom claim, but he has not pled sufficient facts to support an inference that such a custom exists.

*Miller as Next Friend for Rippeto v. City of St. Louis*, 2024 WL 1366797, at *4–5 (E.D. Mo. Mar. 31, 2024) (quoting *Naes v. City of St. Louis*, 2021 WL 6049815, at *7 (E.D. Mo. Dec. 21, 2021)). Because Plaintiff's allegations fail to state sufficient facts to support the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct, his claim must be dismissed. *See, e.g.*, *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884 (E.D. Mo. 2019) (finding allegations insufficiently specific to establish a widespread pattern of misconduct).

Plaintiff's failure-to-train claim fares no better. To state a *Monell* failure-to-train claim, a plaintiff must plead facts that show:

a) [the City's] training practices were inadequate;

b) [the City] was deliberately indifferent to the rights of others in adopting these training practices, and [the City's] failure to train was a result of deliberate and conscious choices it made; and

c) [the City's] alleged training deficiencies caused [Plaintiff's] constitutional deprivation.

*Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). To plead deliberate indifference, a plaintiff must show that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure

4

to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

In support of the *Monell* failure-to-train claim, Plaintiff alleges that the City and SLMPD failed to adequately train officers and City officials regarding the use of excessive force. Doc. [2] at ¶ 83(c). He does not, however, allege any prior incidents of similar conduct that would have put the City on notice that a training or disciplinary program was constitutionally deficient. His failure-to-train claim thus fails for the same reason as his custom claim: he fails to establish a pattern of constitutional violations. *See Ulrich*, 715 F.3d at 1061 (affirming district court's dismissal of *Monell* failure to train or supervise claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Because the Complaint fails to sufficiently allege any basis for liability under *Monell*, the motion to dismiss Count IV is granted, and the City is dismissed.

## II.     Count V – Failure-to-intervene claim against Defendant Gilman

In his failure-to-intervene claim against Gilman, Plaintiff alleges:

> Defendant Gilman failed to intervene to prevent the Constitutional deprivation or lessen its severity where:
>
> a) Defendant Gilman did not assign an additional officer to the transport vehicle, despite the fact two other officers were returning to the station at the same time.
>
> b) Defendant Gilman did not specifically prohibit the "rough ride."
>
> c) Defendant Gilman did not assign another officer to transport Plaintiff though he knew Defendant Wozniak was prepared to take violent action against Plaintiff who was fully in her custody.

Doc. [2] ¶ 105(a)-(c). He claims Gilman "knew the force [Wozniak] intended to use against Plaintiff was unreasonable under the circumstances and was clearly excessive." *Id.* ¶ 106.

Defendant Gilman argues he is entitled to qualified immunity because Plaintiff has failed to plead that he violated a constitutional right. Doc. [16] at 6-7. "To determine if an official is entitled to qualified immunity, [a court] must determine whether the alleged facts demonstrate that the official's conduct violated a constitutional right, and whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Groenewold v.*

5

*Kelley*, 888 F.3d 365, 370–71 (8th Cir. 2018) (cleaned up).  If a plaintiff has not alleged a violation of a constitutional right, then the court need not reach the second inquiry.  *Id.*

To state a failure-to-intervene claim against Gilman, Plaintiff must show that Gilman "[did] not intervene to prevent the use of excessive force when (1) [he] observed or had reason to know that excessive force would be or was being used, and (2) [he] had both the opportunity and the means to prevent the harm from occurring."  *Mitchell v. Kirchmeier*, 28 F.4th 888, 901 (8th Cir. 2022) (cleaned up).  Typically, the claim is brought against someone who was physically present for an act of excessive force.  *See, e.g.*, *Wilson v. Rayford,* 2023 WL 4419741, at *7 (E.D. Mo. July 10, 2023) ("An officer is liable for failing to intervene when either:  (1) the officer is present and has an opportunity to prevent the excessive use of force, or (2) the officer is instrumental in assisting the actual attacker or aggressor to place the victim in a vulnerable position.") (cleaned up); *Barrientez v. Jefferson Cnty.*, 2016 WL 915188, at *4 (E.D. Mo. Mar. 10, 2016) (citing *Putman v. Gerloff*, 639 F.2d 415, 424 (8th Cir. 1981) ("The duty of one officer to intervene arises when the officer witnesses a violation of a constitutional right by another law enforcement officer and fails to act despite opportunity to do so."); *Johnson v. Robinette*, 105 F.4th 99, 123 (4th Cir. 2024) ("Bystander liability is premised on an officer's affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers."); *Austin v. City of Pasadena, Texas*, 74 F.4th 312, 331 (5th Cir. 2023) (including presence at the scene as a requirement for a bystander failure-to-intervene claim); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (discussing the duty of an officer who is present to intervene to prevent other officers from infringing constitutional rights); *Helm v. Rainbow City, Alabama*, 989 F.3d 1265, 1272 (11th Cir. 2021) ("[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation . . . takes place in his presence, the officer is directly liable under Section 1983."); *Johnson v. D.C.*, 725 F. Supp. 3d 62, 71 (D.D.C. Mar. 20, 2024) (for purposes of qualified immunity on a bystander liability claim, the "test is whether the [bystander] officer knew that a fellow officer was violating an individual's constitutional rights") (cleaned up)).

In response to the motion to dismiss, Plaintiff points to no instance in which an officer has been held liable for failure to intervene despite not being physically present at the scene of the other officer's use of excessive force.  Plaintiff does argue, without citation to any authority or similar case, that Gilman could have assigned a different officer to transport Plaintiff after

6

Wozniak expressed her intent to take him on a rough ride, and that in failing to do so, Gilman missed his opportunity to intervene.  But that argument requires the Court to assume both too little and too much.  On the one hand, it requires the Court to ignore Plaintiff's allegation that, when Wozniak commented that she would give Plaintiff a rough ride, Gilman responded that "he didn't want to hear that type of talk and to take the [Plaintiff] to the South Patrol Division." *See* Docs. [2] ¶¶ 17, 19, 100, 101.  On the other, it requires the Court to infer that Gilman had reason to know that Wozniak would engage in excessive force *despite* his admonition—an inference that finds no support in the Complaint.[3]

Assuming all of Plaintiff's well-pled allegations to be true, Plaintiff has not stated a claim against Gilman for failure to intervene.  Because Plaintiff has not pled a constitutional violation, Gilman is entitled to qualified immunity; the motion to dismiss Count V is granted; and Gilman is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [15], is **GRANTED**, Counts IV and V are **DISMISSED** without prejudice, and Defendants City of St. Louis and Samuel Gilman are **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to **TERMINATE** City of St. Louis and Samuel Gilman as defendants.

Dated this 25th day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does not allege, for example, that Wozniak was known for giving rough rides, using excessive force, or disregarding her superiors' directives.